\_\_\_ FILED \_\_\_ ENTERED
\_\_\_ LOGGED \_\_\_ RECEIVED

10:08 am, Aug 30 2021
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF THE FOLLOWING PROPERTY: All moneys up to $32,000.00 in JP MORGAN CHASE BANK ACCOUNT NUMBER 709166893, held in the name of MO AUTO LLC | Case No.   1:21-mj-2185 TMD |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Rahul Vinayak, a Special Agent with the United States Secret Service, being duly sworn, depose and state:

### AGENT'S BACKGROUND

1. I am a duly appointed Special Agent with the United States Secret Service ("USSS") and have been employed as such since April 2019. Through my employment with the USSS, I have gained knowledge in the use of various investigative techniques including the utilization of physical surveillance, undercover agents, confidential informants and cooperating witnesses, consensually monitored recordings, investigative interviews, financial investigations, the service of administrative and grand jury subpoenas, mobile wireless tracking methods, analyzing telephone pen register and caller identification system data, and the execution of search and arrest warrants, including those executed upon physical addresses as well as those executed upon electronic equipment and data storage providers.

2. Throughout my career in law enforcement, I have become familiar with the methods and techniques associated with financial institution fraud and counterfeit trends and tactics. In the course of my training and conducting financial investigations, I have incorporated the use of the following investigative techniques: interviewing informants, cooperating

1

witnesses, victims, and subjects; physical surveillance and utilization of various surveillance techniques; supporting undercover operations; participating in mobile wireless tracking missions; and preparing and executing search and arrest warrants that have led to seizures of counterfeit currency, access devices, and other instruments used to commit financial fraud.

3. Based on my knowledge, training, and experience in the investigation of financial institution fraud, I am familiar with the ways in which fraudsters conduct their business. My familiarity includes the various means and methods by which individuals defraud financial institutions; their use of cellular telephones and social media accounts to facilitate fraud; and their use of code words to describe fraud. I am familiar with the ways that those who commit financial institution fraud are able to carry out their fraud without detection. Financial institution fraud is commonly an ongoing and recurring criminal activity. As contrasted with crimes against persons, which tend to be discrete offenses, crimes such as bank fraud and wire fraud are illicit commercial activities that are characterized by regular, repeated criminal activity.

4. The information set forth below is based upon my review of records and upon information provided by other sworn law enforcement officers participating in this investigation. I have not included each and every fact obtained pursuant to this investigation, but have set forth those facts that I believe are essential to establish the necessary foundation for the issuance of the seizure warrant for the aforementioned funds.

## PURPOSE OF THE AFFIDAVIT

5. I submit this affidavit in support of the application made by the United States of America for a seizure warrant authorizing the seizure of the funds held by JP Morgan Chase Bank ("Chase'") in Account 709166893 ("Subject Bank Account") up to $32,000.00.

6. The Subject Bank Account has been identified by Chase and Law Enforcement as being involved in a Business Email Compromise (BEC) scheme. The Subject Bank Account has a Maryland address listed for the account holder. The funds held in the Subject Bank Account contain proceeds obtained from wire fraud offenses subject to seizure in this district.

## APPLICABLE LAW

7. Based on the information set forth below, there is probable cause to believe that the funds held in the Subject Bank Account contain proceeds of substantive violations of 18 U.S.C. § 1343 (wire fraud), and are, therefore, subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

8. Wire fraud is defined in 18 U.S.C. § 1343, which provides, "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice," shall be guilty of a federal offense.

9. The Court's authority to order forfeiture of the proceeds of violations of 18 U.S.C. § 1343 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7). A "specified unlawful activity," as defined in § 1956(c)(7)(D), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, § 1961(1) includes violations of 18 U.S.C. § 1343.

10. Recognizing that money is fungible, 18 U.S.C. § 984 provides that, in a civil forfeiture action against funds in an account in a financial institution, the United States need not identify the specific funds involved in the criminal offense. Rather, "any identical property found in the same account shall be subject to forfeiture," so long as the action against the funds is commenced within "1 year from the date of the offense." 18 U.S.C. § 984. In other words, the United States may forfeit any funds in an account, even if the funds currently in the account were not involved in the relevant criminal activity, so long as the funds forfeited do not exceed the total amount of dirty funds deposited into the account within the past year.

11. Pursuant to 18 U.S.C. § 981(b), property subject to civil forfeiture may be seized via a civil seizure warrant issued by a judicial officer "in any district in which a forfeiture action against the property may be filed," and may be executed "in any district in which the property is found," if there is probable cause to believe that the property is subject to forfeiture.

## PROBABLE CAUSE

12. On April 12, 2021, Law Enforcement was contacted by Certifid, a company that works with title agencies to prevent wire fraud, about a suspected BEC scheme that victimized J.M., one of Certifid's clients. Victim J.M. was instructed to wire $47,000.00 to the title agency as part of a legitimate real estate transaction. On April 7, 2021, the title agency emailed J.M. wiring instructions for its bank account. Before he initiated the wire transfer and on the same day as receiving the legitimate wiring instructions, J.M. received an email from settlementitleagent1@gmail.com with new wiring instructions. The investigation confirmed email address settlementitleagent1@gmail.com does not belong to the title agency. In my training and experience, fraudsters use email addresses that resemble legitimate business email

addresses to send fraudulent wire instructions as part of BEC schemes. Here, the email address settlementitleagent1@gmail.com implies it is associated with a settlement title agent.

13. BEC schemes are sophisticated scams conducted by organized fraud rings that target businesses and other entities in the financial sector that regularly perform wire transfers or other money transfers. The fraud rings recruit co-conspirators to open and manage bank accounts for the sole purpose of receiving fraudulent wire transfers. These bank accounts are referred to as "drop" accounts.

14. Once the "drop" accounts have been opened, victims are targeted with fraudulent wiring instructions sent to their email accounts from spoofed email accounts. The victims are then instructed to send large wire transfers into the "drop" accounts.

15. Once the wire transfers have entered the "drop" accounts, the funds are quickly depleted. Common methods of depletion include cash withdrawals and wire transfers to other accounts.

16. The wiring instructions J.M. received from settlementitleagent1@gmail.com, which he later provided to law enforcement, instructed him to transfer funds to Chase Account 707630866 ("Chase 0866 account"). The Chase 0866 account is in the name of Prince Jacobs with a Danville, California address. The instructions J.M. received are reproduced below:

### WIRING INSTRUCTIONS
Attorney Trust Account

| | |
|---|---|
| **Bank Name:** | **Chase Bank** (4355 First St Livermore, CA 94551) |
| **ACCOUNT Name:** | **Prince Jacobs** (824 Podva Rd Danville, CA 94526) |
| **ACCOUNT #** | **707630866** |
| **ABA #** | **021000021** |

17. On April 7, 2021, J.M. wired $47,000.00 to the Chase 0866 account in accordance with the instructions he received from settlementitleagent1@gmail.com, which he believed was associated with the title agency handling his real estate transaction.

18. The next day, April 8, 2021, a man identifying himself as Prince Jacobs conducted a $32,000.00 in-branch transfer at Chase Bank's Bayfair Branch in San Leandro, CA from the Chase 0866 account to the Subject Bank Account. The Subject Bank Account is in the name of MO AUTOS LLC with a Gwynn Oak, Maryland address.

19. Investigation into MO AUTOS LLC indicates a Resident Agent of Korede Oludoyi from Gwynn Oaks, Maryland. Attempts to contact Oludoyi were unsuccessful.

20. The remaining $15,000.00 in the Chase 0866 account from the $47,000.00 fraudulent wire transfer was withdrawn via debit card purchases, in-branch cash withdrawals, and ATM withdrawals. All purchases and withdrawals occurred within two days of the $47,000.00 fraudulent wire transfer. Based on my training and experience, rapid withdrawals of BEC proceeds is another indicator of fraudulent activity.

21. The investigation confirmed Prince Jacobs, MO AUTOS LLC, and Korede Oludoyi are not affiliated with the title agency handling J.M.'s real estate transaction.

## CONCLUSION

22. Based on the foregoing, I submit that there is probable cause to believe that the funds held in the Subject Bank Account are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) as derived from proceeds traceable to violations of 18 U.S.C. § 1343 (Wire Fraud).

23. Wherefore, it is hereby requested that Special Agents of the United States Secret Service be authorized to seize, pursuant to 18 U.S.C. §§ 981(b) and 984, the funds, up to $32,000.00, in Chase Bank Account 709166893.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

Rahul Vinayak
Special Agent
United States Secret Service

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3)

this 27 day of July, 2021.

The Honorable Thomas M. DiGirolamo
United States Magistrate Judge